IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDI COBE, on behalf of plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BRUCK LAW OFFICES, S.C., | ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Brandi Cobe brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Bruck Law Offices, S.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because defendant filed suit in an improper venue against a person described in the lawsuit as a resident of Chicago, Illinois.

## PARTIES

9. Plaintiff Brandi Cobe is an individual who allegedly owes a medical bill.

10. Defendant Bruck Law Offices, S.C. is a law firm organized as a Wisconsin professional corporation with offices at 322 E. Michigan St., Milwaukee, WI 53202.

11. Bruck Law Offices, S.C. is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

12. Defendant states on its web site: "For almost 30 years, Bruck Law Offices, S.C. has specialized in creditors' rights and collections within all aspects of the collection arena. We are known for professionally and effectively pursuing and collecting accounts receivable throughout Wisconsin, Illinois and the nation." (https://brucklawoffices.com/about-us/)

13. Defendant also states on its web site that it collects debts in Illinois and has one or more attorneys licensed to practice in Illinois.

14. Bruck Law Offices, S.C. is a debt collector as defined in the FDCPA.

## FACTS

2

15. Defendant has been attempting to collect from plaintiff an alleged medical debt incurred, if at all, for personal, family or household purposes, with a Wisconsin medical provider.

16. The services were provided, and any written consent or authorization relating thereto signed, in Waukesha County, Wisconsin.

17. On or about December 8, 2017, defendant faxed to plaintiff's employer the document attached as Exhibit A.

18. Exhibit A is a form document.

19. Defendant regularly uses documents in the form represented by Exhibit A.

20. On December 8, 2017, defendant did not represent anyone in pending litigation against plaintiff. Exhibit A is not connected with the enforcement of any post-judgment remedy.

21. On December 8, 2017, defendant was aware of plaintiff's place of abode and telephone number at such place, or place of employment.

22. On the same date, defendant sent a letter to plaintiff's family home in Kenosha.

23. Exhibit A is not limited or directed to a specific person or department, such as human resources, and upon receipt could be viewed by anyone near the fax machine.

24. As a result of the transmission of Exhibit A to plaintiff's employer, plaintiff suffered embarrassment and aggravation.

25. Subsequently, on Feb. 22, 2018, defendant, representing Medical College of Wisconsin, Inc., filed suit to collect the debt against plaintiff in Milwaukee County, Wisconsin, Circuit Court: The Medical College Of Wisconsin, Inc. vs. Brandi L Cobe, Milwaukee County Case Number 2018SC007406.

26. On Feb. 22, 2018, plaintiff did not reside in Milwaukee County. (Her family home is in Kenosha and she has a residence in Chicago, where she is attending graduate school.)

27. At the time the suit was filed, defendant listed the plaintiff's address on the Milwaukee County docket as Chicago, Illinois. (Exhibit B)

28. Plaintiff and defendant had exchanged correspondence relating to the debt at plaintiff's Chicago address.

29. On information and belief, any consent to treatment form or other similar document was not signed in Milwaukee County, Wisconsin, but in Waukesha County where services were provided.

30. The only relationship that Milwaukee County has with the services that are the subject of the lawsuit is that defendant's office is in Milwaukee.

## COUNT I – FDCPA

31. Plaintiff incorporates paragraphs 1-30.

32. Exhibit A requests information which is not "location information" as defined in 15 U.S.C. §1692a(7); instead it requests information such as whether plaintiff is on leave, whether she is full time or part time, and hours per week worked.

33. Exhibit A identifies the defendant company, which is not permitted unless that information is requested. 15 U.S.C. §1692b(1).

34. The defendant company is well known as a debt collector. Exhibit A also provides its web address. The only business defendant is engaged in, according to its web site, is debt collection. The sending of Exhibit A therefore effectively informs the recipient that the subject owes a debt.

35. Exhibit A is headed "verification of employment," which is not authorized by 15 U.S.C. §1692b.

36. Exhibit A is therefore a third party communication prohibited by 15 U.S.C. §1692c.

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38. The class consists of (a) all individuals (b) with respect to whom defendant sent a

document in the form of Exhibit A (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

39. On information and belief, based on the use of a form document, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii. Any actual damages which class members prove;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

### COUNT II – FDCPA

44. Plaintiff incorporates paragraphs 1-30.

45. Defendant violated 15 U.S.C. §1692i by filing a lawsuit to collect a consumer debt in a county other than one in which (a) the consumer resided at the time the lawsuit was filed or (b) where the consumer signed the contract on which the lawsuit was based.

## CLASS ALLEGATIONS

46. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

47. The class consists of (a) all individuals (b) against whom defendant filed a collection lawsuit (c) in a jurisdiction in which the individual did not reside when the lawsuit was filed (d) or in which the individual signed the contract on which the lawsuit was based (d) which lawsuit was filed at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

48. On information and belief, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant has a practice of filing collection lawsuits in places inconsistent with 15 U.S.C. §1692i.

50. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i.      Statutory damages;

    ii.     Any actual damages which class members prove;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

                        s/ Daniel A. Edelman
                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                   s/ Daniel A. Edelman
                                                   Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman
